**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.:  1:25-CR-076** |
| | : | |
| | : | |
| **VS.** | : | **JUDGE McFARLAND** |
| | : | |
| | : | |
| **ROBERT GRIMMETT.** | : | **UNDER SEAL** |

## UNITED STATES' SENTENCING MEMORANDUM

Robert Grimmett used ▮▮▮▮▮▮▮ a toddler, to create and distribute vile videos of the sex abuse he subjected her to.  The videos depict Grimmett masturbating over ▮▮▮▮▮▮ face, touching her vagina with his penis, and one where the toddler is seen touching his penis. These videos were distributed by Grimmett to other like-minded individuals.  That is, individuals who prey on children for their own perverse sexual gratification.  For those who engage in conduct like Grimmett, the statute mandates a minimum sentence of fifteen years (180 months). 18 U.S.C. § 2251(e).  The advisory sentencing guidelines, however, call for a sentence of thirty years (360 months).  Because of the egregious nature of Grimmett's conduct, this Honorable Court should impose the maximum sentence available.

### ARGUMENT

I.      **SENTENCING CALCULATION**

A.  **Statutory Sentence (Imprisonment and Supervised Release Terms)**

Grimmett entered a plea of guilty to Count 1 of the Information, which charges him with violation of 18 U.S.C. § 2251(b) (Sexual Exploitation of a Child ▮▮▮▮▮▮▮)  The mandatory minimum sentence is a term of imprisonment of 15 years with a maximum of 30 years.  18

U.S.C. § 2251(e).  The Court must also impose a term of supervised release of not less than five years and up to Life.  18 U.S.C. § 3583(k).

### B.  Advisory Sentencing Guidelines Calculation

In fashioning its sentence, this Court must first consider the applicable advisory guidelines range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Id.*  Sentencing courts "must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Peugh v. United* States, 569 U.S. 530, 541 (2013); quoting *Gall,* 552 U.S. at 50, n.6.

The base offense level for Grimmett's offense conduct is 32.  U.S.S.G. § 2G2.1. Enhancements are added for the following reasons: (1) four levels are added because the offense involved a minor less than twelve years of age (U.S.S.G. § 2G2.1(b)(1)(A); (2) two levels are added because the offense involved a sexual act or sexual contact (U.S.S.G. § 2G2.1(b)(2)(A); (3) two levels are added because the offense involved the distribution of the child sex abuse material (U.S.S.G. § 2G2.1(b)(3); four levels are added because the offense involved an infant or toddler (U.S.S.G. § 2G2.1(b)(4)(B); two levels are added because Grimmett ███████████ (U.S.S.G. § 2G2.1(b)(5); and five levels are added because Grimmett engaged in a pattern of activity and prohibited sexual conduct with a minor on more than one occasion (U.S.S.G. § 4B1.5(b)(1).  The adjusted offense level is decreased by a total of three levels for acceptance of responsibility.  U.S.S.G. § 3E1.1(a) and (b).  This results in a total adjusted offense level of 48. However, because this exceeds 43, the final offense level is 43.  U.S.S.G., Chapter Five, Application Notes 2. The advisory guidelines applicable to Grimmett's offense are 360 months

incarceration. There are no outstanding objections to the guidelines as contained in the Final Presentence Report (PSR).

## II. ANALYSIS OF §3553(a) FACTORS

Considering all sentencing factors, a sentence of 360 months is sufficient but not greater than necessary to achieve the sentencing goals as set forth by Congress and the United States Sentencing Commission. The investigation which ultimately led to the arrest of Grimmett was swift. On May 28, 2025, Homeland Security Investigations (HSI) Netherlands received a Cybertip that a Kik user (later identified as Grimmett) had distributed unknown child sex abuse materials. Chat logs revealed that Grimmett had engaged in conversations where he discussed the molestation of a toddler. Based on the nature of the conversation, law enforcement believed the toddler was in imminent danger of continued abuse. They acted quickly in identifying Grimmett and his location. The following day (May 29, 2025) HSI Cincinnati executed a search warrant at Grimmett's residence. The toddler depicted in the materials sent by Grimmett using Kik was ███████████. It was determined that between May 5, 2025, and May 19, 2025, Grimmett utilized Kik to communicate with others about the production and distribution of child sex abuse materials. He then used ███████████ to create videos depicting her abuse and shared them with other Kik users. Based on the sentencing factors as outlined below, there is no reason to depart or vary from the advisory sentencing guideline range as established in the PSR.

### A. The kinds of sentences available and the sentencing range. (18 U.S.C. § 3553(a)(3) and (4))

The statutory minimum sentence the Court must impose is a period of incarceration of 180 months (15 years), and the maximum sentence the Court may impose is a period of incarceration of 360 months (30 years). The advisory sentencing guideline falls within Zone D of the guidelines which sets forth that "the minimum term shall be satisfied by a sentence of

imprisonment."  U.S.S.G.  § 5C1.1(f).  The parties did not enter into an agreement as to what sentence should be imposed.  *See* Fed.R.Crim.P.  11(c)(1)(B) and/or (C).  Therefore, it is within the Court's sole discretion to impose sentence.

> **B.** **The nature and circumstances of the offense and the history and characteristics of the defendant.  (18 U.S.C. § 3553(a)(1))**

The nature and circumstances of Grimmett's offense conduct is accurately outlined in the PSR, as well as the Statement of Facts which he acknowledged as being true and correct.  (R. 763, Attachment A, Statement of Facts, PAGEID# 45-46).  The investigation which led to Grimmett's arrest began in the Netherlands when HSI there received a Cybertip about his online activities.  The specifics of what Grimmett subjected ▮▮▮▮▮▮▮ to are graphically detailed in the Statement of Facts and PSR.  It is difficult to comprehend subjecting a child who is not old enough to form a sentence to such abhorrent acts, let alone ▮▮▮▮▮. But that is what Grimmett did.  He chatted about abusing her to unknown individuals on the internet. He sent them images and videos of it.  He did it multiple times. Those images and videos will remain online indefinitely.  The nature and circumstances of his offense require harsh, yet just, punishment.

Grimmett reported "experiencing some difficulties during his youth."  PSR. ¶ 49.  He has only one criminal conviction on his record that does not involve any type of violent conduct. PSR ¶ 46.  Grimmett reported that his family disclosed to him he had been subjected to physical and sexual abuse by a former boyfriend of his mother's when he was four years old, but he has no recollection of the events.  PSR ¶ 49.  It is unclear to the United States when his family disclosed this information to him.  Regardless of his past or difficult upbringing, there is no excuse for engaging in the type of sexual deviance he engaged in ▮▮▮▮▮

**C.      The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide the defendant with needed educational, medical, and correctional treatment.  (18 U.S.C. § 3553(a)(2)(A) and (D))**

A sentence as established in the PSR (360 months) would address the above sentencing factors.  The repeated sexual abuse of a child is unquestionably a serious offense and causes great harm to the community and, more importantly, the victim.  In this particular case, the victim (a toddler) ▮▮▮▮▮▮▮▮▮▮▮▮.  She was entirely dependent on others to care for her. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Instead, he chose to ▮▮▮▮▮▮, who was still in diapers, for his own sexual gratification.  He memorialized his conduct by creating videos of it. He ensured others could also be sexually gratified by it when he shared the videos with others … strangers on the internet. The damage caused by his conduct cannot be appropriately measured. Therefore, serious punishment must be imposed.  Furthermore, the Court must impose a sentence which promotes respect for the law and provides just punishment for such conduct.  Grimmett's type of conduct must never be normalized.  There is no room for leniency, beyond what has already been extended to Grimmett.

**D.      To afford adequate deterrence to criminal conduct and protection of the public from further crimes of the defendant.  (18 U.S.C. § 3553(a)(2)(B) and (C))**

A sentence of 360 months would afford adequate deterrence to similar criminal conduct, for Grimmett, ▮▮▮▮▮▮▮▮▮, and the public in general.  Additionally, a sentence as recommended by the United States would afford protection of the community.  While Grimmett did not live a life of privilege, he also did not live one that was riddled by decades of substance or physical abuse.  His conduct was driven by deplorable sexual gratification. There are, unfortunately, many other like-minded individuals scouring the internet for materials like Grimmett produced.  As such, deterrence and protection of the public is paramount.

**E.      The need to avoid unwarranted sentencing disparities among similarly situated defendants.  (18 U.S.C. § 3553(a)(6))**

The advisory sentencing guidelines call for a sentence of 360 months.  A sentence below that range would create unwarranted sentencing disparities as there are no extraordinary circumstances which would warrant a variance or departure.  The sentencing guidelines establish a way for Court's to impose similar sentences for similar defendants with similar backgrounds who have violated similar laws.  To impose sentences outside those parameters creates disparity. Here, there is no reason or justification to create such a disparity.  As such, and so as not to create sentencing disparities, a sentence as suggested in the PSR is appropriate and sufficient.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends the Court sentence Grimmett to a term of imprisonment of 360 months, followed by Lifetime supervised release.

Respectfully submitted,

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

*/s/ Christy L. Muncy*
CHRISTY L. MUNCY (KY 88236)
221 East Fourth Street, Suite 400
Cincinnati, OH 45202
(513) 684-3711
christy.muncy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, United States' Sentencing Memorandum, was served, via ECF, upon counsel for defendant on this the 22nd day of July 2026.

*/s/ Christy L. Muncy*
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorney